By the Court.—Curtis, Ch. J.
The action was brought to recover from the defendant the possession of a note for $2,000, made by the plaintiff, and three policies of insurance, the complaint alleging they were wrongfully detained by the defendant from the plaintiff. The answer admits the possession, but denies the wrongful detention.
The plaintiff delivered the note and policy to the defendant, in pursuance of an agreement, in writing, and under seal, executed by the defendant, November 6, 1875, and read in evidence at the trial.
By the terms of that agreement the defendant, in consideration of the note and policies delivered to him by the plaintiff, was to do four things:
I. To release all his right, title, and interest in and to a nail machine to one L. M. Merrill.
II. To surrender every contract, note, insurance policy, &c., held in connection therewith, to this L. M. Merrill.
III. To have his mother assign the patent she held of said nail machine to this L. M. Merrill.
IV. To obtain from his mother, at once, a written agreement to fulfill the above immediately.
The only thing that the defendant did under that *462 .agreement, was to procure his mother to execute an agreement, that, at a further day, she would assign the -patent to L. M. Merrill. The assignment itself was •never executed. The total value of the property .detained was found to be $3,241.23.
The plaintiff made due proffer, in court, to surrender the agreement to assign.
At the argument but two of the exceptions were ■insisted upon by the defendant, and the discussion was limited to them. The first of these exceptions was one ¡to the ruling of the court, denying the defendant’s motion to dismiss the complaint, on the ground that -the plaintiff had not shown that, at the time of the commencement of the action, he was either the owner, or entitled to the possession of the property claimed. The remaining exception was one to the ruling of the court, excluding an offer of the defendant to show that he had fully performed, on his part, a previous agreement of January 15, 1875, which had been read in evidence, to which the plaintiff and one L. M. Merrill and himself were parties ; but that the plaintiff had failed to perform it, and had failed to put in the money he agreed to, and had carried away the patented machine, and that when he, the defendant, called on the plaintiff for a settlement, for the money and the removal of the machine, it was verbally agreed Detween them, that plaintiff would give defendant, in settlement, the note for $2,000, and the policies of insurance now in controversy ; and that in pursuance of this verbal agreement the plaintiff gave the defendant the note and policies, and that as a supplement to this verbal agreement, and .as a part of the consideration for the note and policies, the agreement of November 6 was made between the parties.
It thus appears there was some verbal agreement -between the parties previous to the agreement of -November 6, 1875. It would be in contravention of *463 well settled rules to admit evidence of some former verbal understanding or agreement touching the matter in question, to vary, or affect the terms of a subsequent written agreement, duly executed between the parties, and which the law deems to be the best and final expression of the minds of the parties meeting in unison, .after preliminary parol discussion and agreement. The conversations and the verbal arrangements, after they have resulted in a written agreement between the parties, are to be interpreted by what the parties have signed, and not by what may have passed between them, verbally, previously to the act of signing.
The agreement in question covers the entire ground, .and is complete, as such, in itself. There is no occasion to resort to external matters to explain it. It does not appear to be a supplement to the verbal agreement, or dependent Upon it to be sustained. It was properly excluded.
With regard to the first exception, referred to, which was to the refusal-of the court to dismiss the ■complaint, on the ground that the plaintiff was not the owner, or entitled to the possession of the property ■claimed, the case shows that, being the owner of the policies, and the maker of the note, he parted with them on certain conditions to be performed by the defendant, The defendant failed to fulfill or comply with certain of the conditions that were pre-requisite to these obligations, vesting in him, as his absolute property. The delivery of the securities to the defendant being conditional, upon the defendant’s failure to comply with the conditions, the plaintiff was entitled to be reinstated in his original position.
The case shows, that the plaintiff should have the relief he seeks.
The exceptions should be overruled and judgment rendered for the plaintiff with costs.
Freedman, J., concurred.